IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:23-cv-01318-DDD-SKC

TOBIN BEREZNAK,

    Plaintiff,

v.

ARROW ELECTRONICS, INC.,

    Defendant.

## ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS

Tobin Bereznak was fired for not complying with the COVID vaccination policy of his employer, Arrow Electronics. He styles his firing as discrimination for disability under the Americans with Disabilities Act. This is not so. Arrow asks me to dismiss this case. Magistrate Judge O'Hara's recommendation that I do is adopted and Arrow's motion to dismiss is granted.

### BACKGROUND

Bereznak was employed by Arrow. Doc. 1 at 10. In September, 2021, he was told that vaccination against COVID was a requirement of continued employment, subject to certain exemptions. *Id*. Following a several-month back and forth, aptly laid out by Magistrate Judge O'Hara, Bereznak was fired in December, 2021, for failing to provide his vaccination status through the company website. *Id*. at 14. He objected to the vaccine requirement vehemently on several grounds: that it was a violation of his employment contract, that the required cell phone

- 1 -

application would use his data inappropriately, that the requirement violated his medical privacy, and religious reasons. *Id.* at 11-13. He advances three claims: 1) he was discriminated against for a disability, 2) he was retaliated against for claiming ADA protections, and 3) he was subjected to illegal inquiries and examinations concerning a disability. Arrow moved to dismiss, and I referred its motion to Magistrate Judge O'Hara for a report and recommendation. Bereznak objected to several parts of this recommendation, which I will construe liberally, as he is pro se.

## APPLICABLE LAW

Any portion of a recommendations from a Magistrate Judge that has been properly objected to is reviewed *de novo*. Fed. R. Civ. P. 72(b). This motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). A court's role in addressing such motions is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). In doing so, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted)." The court will not, however, accept conclusory allegations that are unsupported by factual averments. *VDARE Found. v. City of Colo. Springs,* 11 F.4th 1151, 1159 (10th Cir. 2021). A complaint need not contain detailed factual allegations to state a claim for relief, but the facts alleged must be enough to raise a right to relief beyond mere speculation. *Twombly,* 550 U.S. at 555.

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## DISCUSSION

### I. Disability discrimination

The ADA prohibits covered employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To state a prima facie case for discrimination under the ADA, Plaintiff must establish that 1) he is disabled; 2) he was qualified, with or without reasonable accommodation, to perform the essential function of his job; and 3) his employer discriminated against him because of his disability. *Robert v. Bd. of County Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012). The gravamen of this claim is the first prong. Bereznak argues that he qualifies in two ways: that he was "regarded as" being disabled by Arrow and that he "made a record of" being disabled.

To dispense with the latter, plaintiff misreads the regulations. A record of a disability requires "a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment." 29 C.F.R. § 1630.2(k)(2). Bereznak makes no such

- 3 -

arguments. His objection to the recommendation illustrates this.[1] He argues that "plaintiff has not claim[ed] an actual disability but a perceived disability." Doc. 31 at 4.

Bereznak's other argument, that he was regarded as disabled, fares no better. Magistrate Judge O'Hara points out that Bereznak was healthy and the possibility that someone may get an infectious disease does not constitute a disability. Doc. 29 at 11. Furthermore, being regarded as disabled does not apply to conditions that are "transitory and minor." 42 U.S.C § 12102(3)(B). Courts have consistently held that having COVID is such a condition. *See, e.g., West v. Scott Lab'ys, Inc.*, No. 22-cv-07649, 2023 WL 2632210, at *4 (N.D. Cal. Mar. 24, 2023).

Bereznak relies on a circular method of reasoning that "an employer demonstrates that it 'regards' (treats) an employee as having a perceived disability by imposing adverse employment actions on them." Doc. 31 at 6 (emphasis removed). That cannot be. Employees frequently suffer adverse employment actions for all sorts of reasons other than perceived disabilities. Mr. Bereznak argues in his objection that Arrow thought of him as a threat of contagion. Doc. 31 at 5. That does not constitute a disability claim. Bereznak was fired for violating a company policy, not because he was regarded as disabled.

---

[1] Bereznak does not object to this portion of Magistrate Judge O'Hara's recommendation, relying only on his allegation that he was regarded as having a disability. He raises a series of unrelated issues, such as whether Arrow's policy was "a legitimate workplace policy." Doc. 31 at 1. These are policy matters, not ADA ones.

## II. Retaliation

It does not appear that Bereznak objected to Magistrate Judge O'Hara's recommendation. He included a block quote from his response to the motion to dismiss, Doc. 17. Doc. 31 at 6-7. And he argued that "there was no other reason that plaintiff was fired than because he [was] considered a threat of contagion and because he opposed the [vaccination] policy." Doc. 31 at 6. Neither of these amount to a claim of retaliation. Magistrate Judge O'Hara properly found that Bereznak has provided no authority supporting his allegation that opposing the policy was protected conduct nor that that there was a causal link between his opposition and his firing.

## III. Medical inquiries

Bereznak argues that Arrow's inquiry about his vaccination status was a prohibited disability related inquiry. Doc. 31 at 3. 42 U.S.C § 12112(d) prohibits medical inquiries as to the nature or severity of a disability, but does not preclude all medical questions. As discussed above, being unvaccinated or being perceived as capable of transmitting COVID are not disabilities. The Equal Employment Opportunity Commission specifically contemplated and endorses workplace vaccination requirements subject to reasonable accommodations for employees with disabilities or sincerely held religious beliefs. *See* WHAT YOU SHOULD KNOW ABOUT COVID-19 AND THE ADA, THE REHABILITATION ACT, AND OTHER EEO LAWS, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (last visited September 19, 2024).

## IV. Dismissal with prejudice

Generally, dismissals of claims under Rule 12(b)(6) should be without prejudice. But dismissal with prejudice is appropriate "if it would be futile to allow the plaintiff an opportunity to amend." *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (internal quotation marks omitted). This is such a case, and Bereznak does not object to Magistrate Judge O'Hara's recommendation on this point. Bereznak cannot correct the defects in his pleadings with further amendment.

## CONCLUSION

It is **ORDERED** that:

The **MOTION TO DISMISS**, **Doc. 13**, is **GRANTED**; the **RECOMMENDATION** of Judge O'Hara, **Doc. 29**, is **ACCEPTED** and **ADOPTED**; and

Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

DATED: September 20, 2024         BY THE COURT:

~~Daniel~~ D. Domenico
United States District Judge